UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTONIO HANNAH, | ) |
| Plaintiff | ) ) ) |
| v. | ) CAUSE NO. 3:05-CV-23RM ) |
| ACCRA PAC GROUP, *et al.*, | ) ) |
| Defendants | ) |

MEMORANDUM AND ORDER

Antonion Hannah, proceeding *pro se*, sues his employer and various people connected with his employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for race, gender and religion discrimination and harassment. The defendants moved for summary judgment and notified Mr. Hannah of the importance of responding to the summary judgment motion pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). The deadline for a response passed on November 30, 2005. Mr. Hannah didn't respond to the motion. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter

of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).

The defendants contend that some of the discriminatory events raised in Mr. Hannah's complaint happened too long ago to allow suit now, *see* 42 U.S.C. §2000e-5(e)(1); Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005); Sharp v. United Airlines, Inc., 236 F.3d 368, 372 (7th Cir. 2001), and that others were not raised in his charge of discrimination. *See* Dandy v. UPS, Inc., 388 F.3d 263, 270 (7th Cir. 2004); Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). They argue that Mr. Hannah can't establish the prima facie cases necessary to support his claims of race and gender discrimination because he wasn't performing to his employer's legitimate expectations, *see* Mills v. First Federal Savings & Loan Ass'n, 83 F.3d 833, 843-844 (7th Cir. 1996); Hong v. Children's Memorial Hosp., 993 F.2d 1257, 1262 (7th Cir. 1993), and because Mr. Hannah can't point to another employee who was retained after announcing he would shoot a woman. *See* Pafford v. Herman, 148 F.3d 658, 671 (7th Cir. 1998).

Further, the defendants argue, his employer had a legitimate non-discriminatory reason for terminating Mr. Hannah. *See* Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). The defendants say Mr. Hannah can't prove his prima facie case of religious discrimination, or, indeed most of the conduct he alleges was based on his race, gender or religion. The

2

defendants also say the acts that Mr. Hannah claims amounted to harassment fall far short the severe or pervasive conduct required for Title VII harassment claims. *See* Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 346 (7th Cir. 1999); Patton v.Indianapolis Public School Board, 276 F.3d 334 (7th Cir. 2002). Mr. Hannah has presented no evidence that would indicate that any of the defendants' arguments are wrong.

Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Hannah to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Where a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323. Mr. Hannah did not meet that burden because he submitted no admissible evidence contesting the materials the defendants submitted with their motion.

For the foregoing reasons, the court GRANTS the motion for summary judgment (docket # 28).

SO ORDERED.

ENTERED: December 5, 2005

/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court